# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY C. HARBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-090-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

The Plaintiff Tommy C. Harbert applied for social security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The Commissioner of the Social Security Administration issued a partially favorable ruling at the administrative level, and the Plaintiff appealed the unfavorable portion of the ruling to this Court on March 2, 2006. The Commissioner sought a remand of the case before answering in order to locate the Plaintiff's claim file and hearing tape. There being no objection from the Plaintiff, the Court found good cause and remanded the case under sentence six of 42 U.S.C. § 405(g) on May 26, 2006. *See, e. g., Tucunango v. Sullivan,* 810 F. Supp. 103, 108 n.9 (S.D. N.Y. 1993) (noting that good cause for a sentence six remand under Section 405(g) includes a lost tape recording or claim file)[citation omitted]. The Commissioner was unable to locate the hearing tape, so the Administrative Law Judge (the "ALJ") conducted another administrative hearing and ultimately issued a fully favorable decision awarding benefits to the Plaintiff

under Title XVI. Shortly after this decision became final, the Plaintiff sought entry of judgment in his favor. The Commissioner objected and sought dismissal instead. For the reasons set forth herein, the Court finds that the Defendant's Motion to Dismiss [Docket No. 27] should be denied and that Harbert's Motion for Entry of Judgment [Docket No. 25] should be granted.

The Commissioner argues that this appeal should be dismissed as moot because the Plaintiff has received all relief to which he is entitled in the administrative proceedings below, *i. e.*, that there is nothing left to be done by this Court on appeal. The Plaintiff, on the other hand, argues there is plenty left to be done in this Court, *e. g.*, the filing of the Commissioner's final decision and the entry of judgment in accordance therewith.

The Plaintiff further argues that upon entry of judgment by the Court, he will be entitled to seek an award of costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). The Commissioner contends there should be no award under the EAJA because the Plaintiff is not (or should not become) the prevailing party in this appeal. This is of course the *real* dispute between the parties; there would be little reason to debate how to dispose of this appeal if an award under the EAJA were not ultimately at issue. Nevertheless, the Court expresses no opinion on the propriety of any award under the EAJA, which will depend, *inter alia*, upon whether the Commissioner's position in this appeal was substantially unjustified. *See* 28 U.S.C. § 2412(d)(1)(B). The Court does, however, conclude that entry of judgment in favor of the Plaintiff (not dismissal) is the appropriate disposition of this case.

The Court remanded the case at the Commissioner's request pursuant to sentence six of Section 405(g), which provides as follows:

> The court may, *on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security,* and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; *and the Commissioner of Social Security shall, after the case is remanded,* and after hearing such additional evidence if so ordered, *modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision,* and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) [emphasis added]. *See also Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994) ("[T]he court may remand the case without ruling on the merits if (a) the [Commissioner] requests remand, for good cause, prior to filing [his] answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding."), *citing Melkonyan v. Sullivan*, 501 U.S. 89, 98, 100 & n.2 (1991). A "sentence six remand" is not a final decision on appeal; on the contrary, the Court retains jurisdiction of the case while it is on remand. *See, e. g., Longey v. Sullivan,* 812 F. Supp. 453, 456 (D. Vt. 1993) ("Under [a sentence six] remand, the district court does not issue a final decision; instead the remand is considered interlocutory with the district court retaining jurisdiction over the case."), *citing Melkonyan*, 501 U.S. at 98. The Court renders a final decision after any action by the Commissioner on remand. *See, e. g., Jackson v.*

*Chater*, 99 F.3d 1086, 1089-90 (11th Cir. 1996) ("With a 'sentence-six remand' the district court retains jurisdiction and enters judgment after the remand proceedings are completed."). *See also Peterson v. Shalala*, 818 F. Supp. 241, 243 (S.D. Ill. 1993) ("Following a sentence six remand, the Secretary files additional or modified findings with the court, and the court then enters a final judgment[.]").

A preliminary question arising under sentence six is whether the decision reached by the Commissioner on remand must be filed with the Court in this action. The Commissioner contends he is not required to file the decision because it is fully favorable to the Plaintiff, *i. e.*, sentence six requires a decision on remand to be filed with the Court *only if* it is less than fully favorable. The Court disagrees. While sentence six does not require the filing of an additional *transcript* if a fully favorable decision is issued on remand, it clearly does require the Commissioner to file with the Court *any* additional or modified findings or decision. *See* 42 U.S.C. § 405(g) ("[T]he Commissioner of Social Security shall, after the case is remanded, . . . modify or affirm [his] findings of fact or . . . decision, or both, *and shall file with the court* any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.") [emphasis added]. This no doubt includes even a fully favorable decision such as the one rendered by the Commissioner on remand in this case. *See, e. g., Jackson*, 99 F.3d at 1095 ("In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to district court to

file additional or modified findings of fact after the new evidence is heard."), *citing Melkonyan,* 501 U.S. at 98. Further, although the Commissioner did not file that decision with the Court, the Plaintiff *did* provide a copy, *see* Docket No. 21, Attachment 2, and the Commissioner confirmed that the decision is now final. *See* Docket No. 26. The Court therefore finds that the filing requirement contained in sentence six of Section 405(g) has been satisfied. *See, e. g., Hartter v. Apfel*, 36 F. Supp. 2d 1303, 1306 (D. Kan. 1999) (dispensing with the filing of the Commissioner's decision where there was no dispute about its amount or finality: "Although the Commissioner has not filed a copy of the ALJ's decision on remand or a transcript of the proceedings that occurred before the ALJ as required by 42 U.S.C. § 405(g), there is no dispute that judgment may be entered against him in the amount of $69,116.00.").

The remaining question is how to dispose of this appeal now that a decision fully favorable to the Plaintiff has been rendered by the Commissioner on remand and filed with the Court per sentence six. The argument for dismissal is not entirely without merit; the Plaintiff *did* ultimately prevail in administrative proceedings before the Commissioner and is therefore in no need of any further judicial relief. But in order to obtain the fully favorable decision from the Commissioner, the Plaintiff *did* have to file this appeal, and the Court *did* have to grant judicial relief, *i. e.*, the sentence six remand. The Plaintiff therefore *did* prevail in this action, and he is accordingly entitled to entry of judgment in his favor and against the Commissioner. *Accord Melkonyan,* 501 U.S. at 102 ("If . . . the court remanded the case under sentence six, the Secretary must return to District Court, at which time the court will

enter a final judgment."). *See also Sullivan v. Hudson*, 490 U.S. 877, 892 (1989) ("[W]here a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review[.]"); *but see Sullivan v. Finkelstein,* 496 U.S. 617, 630-31 (1990) ("We therefore concluded [in *Hudson*] that for purposes of the EAJA, the administrative proceedings on remand 'should be considered part and parcel of the action for which fees may be awarded.' We did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes, and we decline to do so today."), *quoting Hudson,* 490 U.S. at 888.[1]

For the reasons set forth above, the Defendant's Motion to Dismiss [Docket No. 27] is hereby DENIED, and the Plaintiff Harbert's Motion for Entry of Judgment [Docket No. 25] is hereby GRANTED. Judgment will be rendered contemporaneously herewith pursuant

---

[1] As the Commissioner observes, *Melkonyan*, *Hudson* and other cases cited by the Plaintiff are all in one way or another factually distinguishable from this case. The discussion in *Melkonyan*, for example, focused on a sentence six remand for the taking of additional evidence, *see* 501 U.S. at 100 ("Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier."), not a sentence six remand at the Commissioner's request before answering, as was the case here. *See* 501 U.S. at 100 n.2 ("Sentence six also authorizes the district court to remand on motion by the Secretary made before the Secretary has filed a response in the action. That subcategory of sentence six remands is not implicated in this case."). But neither the case law nor the language of sentence six itself suggests that an appeal involving a sentence six remand upon motion by the Commissioner should be disposed of any differently than an appeal involving a sentence six remand for additional evidence. The Court is therefore persuaded by *Melkonyan* and *Hudson* that entry of judgment in favor of the Plaintiff (not dismissal) is the appropriate disposition of this case.

to Fed. R. Civ. P. 58(a) in favor of the Plaintiff, Tommy C. Harbert, and against the Defendant, Michael J. Astrue, the Commissioner of the Social Security Administration.

**IT IS SO ORDERED** this 11th day of December, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**