# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY C. HARBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-090-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING ATTORNEY'S
## FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The Plaintiff Tommy C. Harbert applied for social security benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The Commissioner issued a partially favorable ruling at the administrative level, and the Plaintiff appealed the unfavorable portion of the ruling. On May 26, 2006, the Court remanded the case at the Commissioner's request pursuant to sentence six of 42 U.S.C. § 405(g) for completion of the record, *i. e.*, to locate the claim file and a missing tape of the administrative hearing before the ALJ. On remand, the ALJ heard new evidence and issued a fully favorable decision awarding benefits under Title XVI. The Court entered judgment on the award in favor of the Plaintiff on December 11, 2008. The Plaintiff now seeks costs and attorney's fees as the prevailing party pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, to which the Commissioner objects on the theory that his position was "substantially justified" under the EAJA. *See* Docket Nos. 31 & 34. For the reasons set forth herein, the Court finds that

Harbert's Application for the Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 30] and Harbert's Motion to Supplement Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 33] should be granted, and that the Plaintiff should be awarded $1,829.10 in costs and attorney's fees under the EAJA.

Claimants who prevail in social security appeals are entitled to recover costs and attorney's fees under the EAJA unless the Commissioner can prove that the position he took was "substantially justified." 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position is substantially justified when it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). This is a three-part test: "[T]he government must show 'that there is a reasonable basis . . . for the facts alleged[;] that there exists a reasonable basis in law for the theory it propounds; and that the facts will reasonably support the legal theory advanced.'" *Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992), *cert. denied sub nom. Shalala v. Gutierrez,* 509 U.S. 933 (1993), *quoting Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988), *quoting United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir.), *cert. denied*, 469 U.S. 825 (1984).

The Commissioner argues that his position in this case was substantially justified because: (i) seeking a sentence six remand in order to complete the record on appeal was reasonable; (ii) the Plaintiff agreed to the remand; and, (iii) awarding benefits on remand due to new evidence was reasonable. Although the Plaintiff's acquiescence in the sentence six remand is insignificant in this regard, *see, e. g., Spurlock v. Sullivan,* 790 F. Supp. 979, 982 (N.D. Cal. 1992) (noting that "[a] stipulated remand itself cannot serve as a defense to an award of EAJA attorney fees"), the Commissioner's argument is otherwise creditable insofar as it goes, *i. e.*, the position taken by the Commissioner *after* the appeal was filed seems eminently reasonable. But a question nevertheless remains as to the reasonableness of the position taken by the Commissioner *before* the appeal was filed, *i. e.*, his denial of Title XVI benefits for the Plaintiff, as it was this position that actually necessitated the appeal. *See Gutierrez*, 953 F.2d at 585 ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Madrid v. Astrue*, 243 Fed. Appx. 387, 390 (10th Cir. 2007) ("In determining whether the government's position was substantially justified under the EAJA, we must examine 'the government's present *and past* stances on the basis of both the court and agency records.'") [emphasis added], *quoting Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991)

The Commissioner's decision to award Title XVI benefits to the Plaintiff on remand *does not* suggest that his initial decision to deny benefits was unreasonable, as new evidence was considered by the ALJ on remand. But anything ventured beyond this would be mere

speculation on the Court's part as to the reasonableness of the Commissioner's initial denial of benefits, as the administrative record in this case was never filed. *See, e. g., Burr v. Bowen*, 782 F. Supp. 1285, 1289 (N.D. Ill. 1992) ("[T]he Secretary was not substantially justified based on the already stated finding that the record was devoid of anything upon which a decision could be substantially based."). While this is probably because the Commissioner was unable to locate the missing administrative hearing tape, the burden of proving reasonableness (and thus substantial justification for a position taken) *is* on the Commissioner. *See, e. g., Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) ("The government bears the burden of showing that its position was substantially justified."), *citing Estate of Smith v. O'Halloran,* 930 F.2d 1496, 1501 (10th Cir. 1991). Because the Commissioner is unable to meet that burden here, the Plaintiff is entitled to costs and attorney's fees as the prevailing party under the EAJA. *See*, *e. g.*, *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) ("Petitioner will be entitled to EAJA fees unless the Secretary's initial position was substantially justified[.]").

In connection with the appeal itself, the Plaintiff claims 6.8 hours of attorney time and 2.4 hours of paralegal work, for a total of $1,330.30. *See* Harbert's Application for the Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 30]. In addition, the Plaintiff claims 2.9 hours of legal work ($498.80) spent resolving this fee dispute, *see* Harbert's Motion to Supplement Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 33], which the Plaintiff may also recover under the EAJA. *See Spurlock*, 790 F. Supp. at 982 ("[A]n award

of attorney fees under the EAJA should encompass not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting that fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award[.]"), *citing Commissioner of INS v. Jean*, 496 U.S. 154, 162 (1990) ("We find no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application."). The Commissioner does not contend these amounts are unreasonable. The Court therefore finds that a total award of costs and attorney's fees in the amount of $1,829.10 is reasonable and should be awarded to the Plaintiff as the prevailing party under the EAJA.

Accordingly, Harbert's Application for the Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 30] and Harbert's Motion to Supplement Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 33] are hereby GRANTED. The Plaintiff is hereby awarded costs and attorneys' fees under the EAJA in the amount of $1,829.10.

**IT IS SO ORDERED** this 9th day of April, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**