# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY C. HARBERT, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. CIV-06-90-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
|                 Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

On May 26, 2006, the Court remanded the above-styled case at the request of the Commissioner of the Social Security Administration to locate a missing claim file and hearing tape. The tape could not be found, so the administrative law judge (the "ALJ") conducted a new hearing and eventually determined that the Plaintiff was disabled. On September 21, 2008, the Commissioner issued the Plaintiff a notice of award for past-due benefits in the amount of $155,440.40. The Plaintiff did not, however, seek attorneys' fees and costs pursuant to 42 U.S.C. § 406(b) until April 13, 2010, so the Court ordered supplemental briefing to explain the delay and ultimately heard oral argument on July 14, 2010. For the reasons set forth below, the Court finds that Harbert's Attorney's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 37] should now be granted, and that the Plaintiff's counsel should be awarded $30,000.00 in attorneys' fees.

As the foregoing demonstrates, the Court's principal concern is the timeliness of the motion. In this circuit, Section 406(b)(1) attorneys' fees are obtained with a motion

pursuant to Fed. R. Civ. P. 60(b)(6). *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) (discussing the possible approaches and concluding: "We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award."). Since Rule 60(b)(6) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), a motion for Section 406(b)(1) attorneys' fees "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505. The question is thus whether the motion for attorneys' fees filed on April 13, 2010 came within a reasonable time of the September 21, 2008 issuance of the notice of award.[2]

The appellate attorneys in this case did not represent the Plaintiff in the agency proceedings before the Commissioner and did not receive the notice of award when it was initially issued; instead, they received it by fax from the Plaintiff's agency attorney

---

[2] Other courts have focused upon the Commissioner's initial notice of favorable decision (rather than the final notice of award) as the event commencing the reasonable time to file a Rule 60(b)(6) motion for attorneys' fees pursuant to Section 406(b)(1). *See, e. g., Plogger v. Astrue,* 2009 WL 2913442 at *2 (N.D. Okla. 2009) ("The procedure in this District is that counsel should file a motion pursuant to Rule 60(b)(6) promptly after a favorable decision has been issued by the Social Security Administration stating that the claimant will receive past-due benefits. In that motion, counsel should advise the court if there are circumstances that affect the calculation of Section 406(b) fees, and the lack of receipt of the notice of award that gives the exact calculation of the past-due benefits would be one such circumstance."). The difficulty with this approach is that while the notice of award clearly indicates the amount of past-due benefits (necessary for the calculation of the maximum fee award of 25% of past-due benefits), the initial notice of favorable decision typically does not; the motion for attorneys' fees would often (if not always) be filed *before* the fees could actually be calculated, and a second filing upon receipt of the notice of award would be necessary. Running the reasonable time from the issuance of the notice of award simplifies this process, and the Court therefore finds that a Rule 60(b)(6) motion for attorneys' fees under Section 406(b)(1) should be filed within a reasonable time of the issuance of the notice of award, *see, e. g., Early v. Astrue,* 295 Fed. Appx. 916, 919 n. 2 (10th Cir. 2008) (finding no error by the district court in treating the notice of award as the latest possible document that qualifies as the "Commissioner's decision awarding benefits" under *McGraw*), and that no prior filing is necessary unless a status report is ordered by the Court. As such, the Court finds that Plaintiff's Motion Under F. R. C. P. 60 to Extend Time to Request Attorney Fees Under 42 U.S.C. § 406(b) [Docket No. 36] is denied as moot.

on January 15, 2010. The Court's timeliness inquiry is thus two-pronged: (i) whether the sixteen-month delay between the issuance of the notice of award by the Commissioner and the receipt of it by the appellate attorneys is reasonable; and, (ii) whether the three-month delay between the receipt of the notice of award by the appellate attorneys and the filing of the motion for attorneys' fees is reasonable. As to the first question, the Court notes that the appellate attorneys made numerous efforts to obtain the notice of award from the agency attorney but were hampered by obstacles beyond their control, *e. g.*, misinformation from the agency attorney as to receipt of the notice of award (the agency attorney indicated she had not received the notice of award after she had received it), and misplacement of the notice of award by the agency attorney (whose staff was unable to locate the notice of award for a substantial period of time before finally sending a copy to the appellate attorneys).[3] As to the second question, the Court notes that some delay was caused by the appellate attorneys' uncertainty regarding reimbursement of fees awarded under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d).[4] The Court is

---

[3] The motion for attorneys' fees and the supplement (and attachments thereto) indicate not only calls to the agency attorney's office about the status of the notice of award, but also faxes generated by the tickler system about every two months (12/08, 02/09, 04/09, 06/09, 08/09, 09/09, 11/09, and 12/09).

[4] This case is the fourth time the Plaintiff has appealed to this Court from an unfavorable decision by the Commissioner regarding disability benefits. The three previous cases were Case No. CIV-99-97-FHS-RPC, Case No. CIV-00-735-FHS-KEW and Case No. CIV-02-664-KEW, all three of which (like this case) were reversed and remanded for further administrative proceedings at the Commissioner's request. The Court awarded costs and attorneys' fees under the EAJA to the Plaintiff as the prevailing party in each of these prior cases (as it did in this case); a grand total of $ 10,138.01 has now been awarded to the Plaintiff under the EAJA (although the appellate attorneys have presumably received these payments in accordance with the terms of their agreement with the Plaintiff). Since the Plaintiff has finally obtained a fully favorable decision from the Commissioner on remand in this case, and the appellate attorneys are now entitled to an award of attorneys' fees under Section 406(b)(1), the question is whether the appellate attorneys must reimburse the Plaintiff for *all* the EAJA fees awarded by the Court in these cases or only those fees awarded in this case. The appellate attorneys stopped work on the fee application while they were researching this question, but ultimately just decided to reimburse the Plaintiff for all the EAJA fees

not entirely satisfied with these (and other) explanations given the *nineteen-month delay* between issuance of the notice of award and the filing of the motion for attorneys' fees, but there are no timeliness objections and the Court is reluctant to penalize the appellate attorneys without having previously discussed its expectations. *See Bernal v. Astrue,* 611 F. Supp. 2d 1217, 1221 (N.D. Okla. 2009) (granting a tardy fee request given the lack of prior guidance by the court as to timeliness and no objection by the plaintiff).[5] The Court therefore concludes that the motion for attorneys' fees under Section 406(b)(1) is timely for purposes of Fed. R. Civ. P. 60(c).

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded by the Commissioner to the Plaintiff's agency representative under Section 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate

---

because they were unable to find any authority on point. The Court applauds this decision and notes it is in all likelihood legally correct.

[5] The *Bernal* court likewise expressed its expectations as to the timeliness of a Section 406(b)(1) motion for attorneys' fees for the first time: "So it will be abundantly clear and so there will be no question about the issue in the future, counsel is placed on notice that a reasonable time for filing a motion under Rule 60(b)(6) for consideration of a motion for fees under § 406(b)(1) will be considered in terms of weeks or months, not years." 611 F. Supp. 2d at 1220. The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.

attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [citations omitted]. The $30,000.00 fee requested herein does not exceed 25% of past-due benefits, so the Court need only consider whether this is a reasonable fee given the work performed in this case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, 535 U.S. at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused unnecessary delay and thereby increased the past-due benefits (and so the contingent fee), and whether the contingent fee bestows a windfall upon counsel given the amount of time spent on the case. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting that fees are properly reduced when undue delay increases past-due benefits or the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these

factors, the Court concludes that $30,000.00 is a reasonable amount of attorney's fees for the work done by the appellate attorneys, both in this case and in previous appeals to this Court on behalf of the Plaintiff.

First, it is clear the Plaintiff was ably represented by his appellate attorneys and obtained excellent results in this Court. In this case and in all three previous appeals the Commissioner's decisions were reversed at his own request and remanded for further administrative proceedings. This finally resulted in an award of past-due benefits in the amount of $155,440.40 on remand in this case, for which the Plaintiff was also awarded a total of $10,138.01 in attorneys' fees under the EAJA as the prevailing party. Second, there is no evidence the appellate attorneys caused any unnecessary delay that resulted in an increase in the Plaintiff's past-due benefits. Third, a $30,000.00 fee (which is almost 23% less than the maximum fee allowed by the statute) bestows no windfall on the attorneys who have represented the Plaintiff in his four appeals since 1999.[6] They have collectively spent 67.35 hours working for the Plaintiff, for an hourly rate of approximately $445.34, which is clearly not excessive where the fee was contingent and the risk of loss was more than negligible. The Court therefore concludes that the requested fee of $30,000.00 is reasonable within the guidelines set by *Gisbrecht*.

The notice of award indicates the Commissioner withheld 25% of the Plaintiff's past-due benefits to pay the Plaintiff's attorneys (although no amount is stated), and the Plaintiff's agency counsel has apparently already been paid $5,300.00 out of that amount.

---

[6] Plaintiff was represented by agency representative Polly Murphy in his first appeal (Case No. CIV-99-97-FHS-RPC) and at the commencement of his second appeal (Case No. CIV-00-735-FHS-KEW) of the Commissioner's denial of Social Security disability benefits.

It is thus unknown how much the Commissioner retains to pay the appellate attorneys; if it is less than $30,000.00, the balance may have to be collected from the Plaintiff. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). But because the $30,000.00 amount hereby awarded under Section 406(b)(1) exceeds the total amount of the EAJA fees awarded by the Court in all four appeals ($10,138.01), the appellate attorneys must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).[7]

Accordingly, Harbert's Attorney's Motion for Attorney's Fees Under 42 U.S.C § 406(b) [Docket No. 37] is hereby GRANTED. The Court hereby approves an award of attorney's fees to the Plaintiff's appellate attorneys in the amount of $30,000.00 pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is directed to pay said attorneys the balance of the past-due benefits in his possession, and the Plaintiff's appellate attorneys shall thereupon refund to the Plaintiff the full amount of the EAJA fees awarded by the Court in this case and in the Plaintiff's previous three appeals.

---

[7] The appellate attorneys presumably did not receive all of the attorneys' fees awarded under the EAJA in the Plaintiff's four appeals; as discussed above, the Plaintiff was represented by other counsel in the 1999 case and at the outset of the 2000 case. But the appellate attorneys must nevertheless reimburse the Plaintiff for all the EAJA fees awarded, as they are receiving the entire Section 406(b) attorneys' fees award.

**IT IS SO ORDERED** this 16th day of August, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**